UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STATE FARM FIRE & CASUALTY COMPANY
a/s/o DAVID HAWKER,

                           Plaintiff,

-against-

SWIZZ STYLE, INC.,

                           Defendant.

No. 15 Civ. 9432 (NSR)

OPINION & ORDER

---

SWIZZ STYLE, INC.,

                           Third-Party Plaintiff,

-against-

STADLER FORM AKTIENGESELLSCHAFT,

                           Third-Party Defendant.

---

NELSON S. ROMÁN, United States District Judge

On March 23, 2017 this Court determined that Third-Party Plaintiff Swizz Style, Inc. ("Swizz") had alleged sufficient facts to allow the Court to exercise specific personal jurisdiction over Third-Party Defendant Stadler Form Aktiengesellschaft ("Stadler Form") based on the allegations made in the complaint and the affidavits submitted by the parties in opposition to and in support of such jurisdiction, thus denying Stadler Form's motion to dismiss. (*See* ECF No. 42 (motion to dismiss), No. 54 (opinion and order) ("March Opinion").) Stadler Form seeks leave to certify the March Opinion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (ECF



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/31/2017

No. 68; *see* ECF No. 68 Ex. 1 (Stadler Form's Mem. in Supp. ("Mem."), No. 69 (Swizz's Mem. in Opp'n ("Opp'n"), No. 70 (Stadler Form's Reply ("Reply")).)

## BACKGROUND

The facts underlying this action are set forth in the March Opinion, familiarity with which is presumed. *State Farm Fire & Cas. Co. v. Swizz Style, Inc.*, --- F. Supp. 3d ----, No. 15 Civ. 9432 (NSR), 2017 WL 1134766, at *1-3 (S.D.N.Y. Mar. 23, 2017).

In short, an air purifier caught fire and caused damage to a home in New York. Stadler Form is the foreign manufacturer of the purifier, which was marketed in the United States by an out-of-state distributor, Swizz. When Swizz was sued by the insurer of the home, it filed a third-party complaint against Stadler Form. Stadler Form sought to dismiss that action on the basis that it had no general contacts with New York, and asserted that its specific contacts did not suffice for specific personal jurisdiction pursuant to New York's long-arm statute or the bounds of Due Process. The Court disagreed with Stadler Form, agreeing with Swizz that the contacts alleged were sufficient for the exercise of personal jurisdiction based on Swizz's sworn allegations that the two companies engaged in "many meetings" in 2010 and 2011 in which they made New York a target market, and in 2012 had "monthly meetings by Skype" where Swizz advised Stadler Form's personnel, including its principal, on its success in New York.

## DISCUSSION

The requirements for obtaining an interlocutory appeal are straightforward. *See Bellino v. JPMorgan Chase Bank, N.A.*, No. 14 Civ. 3139 (NSR), 2017 WL 129021, at *1-2 (S.D.N.Y. Jan. 13, 2017). The party seeking certification must demonstrate that the order involves "(1) a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, (3) an immediate appeal from which may materially advance the ultimate termination of

the litigation." *Id.* Certification pursuant to § 1292(b) is discretionary, and certification should be a "rare" occurrence reserved for "exceptional circumstances." *Id.* (citing *Koehler v. Bank of Bermuda Ltd,* 101 F.3d 863, 865 (2d Cir. 1996)); *see also In re Ambac Fin. Grp., Inc. Sec. Litig.,* 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010) (interlocutory appeals are strongly disfavored in federal practice). One thing is certain: litigants may not achieve certification of an issue for interlocutory appeal by misquoting and misrepresenting the Court's Opinion. Simply put, cherry-picking quotes and ignoring substance does not suffice to demonstrate "there is a substantial ground for difference of opinion" supporting leave to appeal. *See Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006) ("§ 1292(b) is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion.").

In Stadler Form's attempt to argue that there is a "substantial ground for difference of opinion" with regard to the permissible exercise of personal jurisdiction over it in this action, Stadler Form apparently misunderstands the Court's analysis in the March Opinion. As the Court explained, not only must the exercise of jurisdiction comport with the forum State's long-arm statute, but it must comport with Due Process under the Constitution. *See State Farm*, 2017 WL 1134766, at *4 (questions before the Court were "1) whether Stadler Form is subject to specific jurisdiction pursuant to N.Y. C.P.L.R. § 302(a), and 2) whether exercising personal jurisdiction over Stadler Form would comport with due process."). To that end, the Court considered the Second Circuit's holding in *Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236 (2d Cir. 1999), with regard to New York's long-arm, and considered the Supreme Court's recent opinions in *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011), and *Walden v. Fiore*, 134 S. Ct. 1115 (2014), with regard to Due Process.

3

To reiterate what the Court explained regarding *Kernan* and *Nicastro*: no matter the holding in *Kernan*, it was necessary for the Court to "determine whether exercising jurisdiction over Stadler Form pursuant to New York's long-arm statute would comport with due process"—*i.e.*, with the Supreme Court's guidance in *Nicastro* and *Walden*. *See State Farm*, 2017 WL 1134766, at *5.[1] After conducting that analysis, the Court determined that "the revised strictures of due process now require 'something more'" than what sufficed under *Kernan*. *Id.* at *7. The Court, moreover, *explicitly* indicated that reliance on *Kernan* alone would be "incomplete." *Id.* Indeed, the Court and Stadler Form agree that the March Opinion explained, citing to other courts that had also considered the issue, that *Kernan* and *Nicastro* are in conflict with regard to the constitutional limits of specific personal jurisdiction. (*See* Mem. at 9); *State Farm*, 2017 WL 1134766, at *7. Yet inexplicably, Stadler Form claims that the March Opinion "sides with the Second Circuit decision in *Kernan* and conflicts with the U.S. Supreme Court decision in *Nicastro*." (Mem. at 6.) Stadler Form goes on to recite Justice Breyer's evaluation of the prerequisites for asserting personal jurisdiction from his concurrence in *Nicastro* and a review of prior Supreme Court precedent. (*Id.* at 8.) On at least that much, the Court and Stadler Form appear to agree:

> a brief overview of situations where a finding of specific jurisdiction would ostensibly still comport with due process [include] forum specific connections such as: 'designing the product for the market in the forum State, advertising in the forum

---

[1] Stadler Form argues that the Court "denied [it's] motion, in large part, on [*Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236 (2d Cir. 1999)], which this Court felt to be controlling law," despite a recent Supreme Court case (*J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011)) that is "in irreconcilable conflict with *Kernan*." (Mem. at 1.) Either misapprehending or purposefully ignoring the March Opinion's analysis, Stadler Form contends that the Court labored under the misconception that *Kernan* "controls this Court's analysis of jurisdiction"—misquoting the Opinion by completely omitting the concluding phrase of that conclusion. (*Id.*). The entire sentence from the Opinion was as follows: "Until the Second Circuit directly addresses *Kernan*, it controls this Court's analysis of jurisdiction pursuant to N.Y. C.P.L.R. § 302(a)(ii)—*which may be broader than the confines of due process*—and its application easily leads to the same result with regard to New York's long-arm." *State Farm*, 2017 WL 1134766, at *5 (emphasis added). In sum, the Court found that New York's statute allowed for the exercise of jurisdiction, but recognized the need to independently consider whether such jurisdiction would comport with due process.

> State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State,' 'efforts of the manufacturer or distributor to serve, directly or indirectly, the market for its product in other States,' having its largest distribution of its product in the forum State, or the 'continuous[] and deliberate[] exploit[ation]' of the forum State's market.

*State Farm*, 2017 WL 1134766, at *7 (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 755 n.7 (2014)); *Nicastro*, 564 U.S. at 890 (Breyer, J., concurring) ("resolving [*Nicastro*] require[d] no more than adhering to [the Court's] precedents"). The Supreme Court's prior precedent still provides guidance as to the minimum contacts with a forum necessary to establish jurisdiction.

This brings us to what Stadler Form ignores from the March Opinion (and what Swizz references in its opposition to certification (*see* Opp'n at 5)). Critically, the Court considered *Nicastro* and concluded that under its more stringent test "Swizz Style [had] alleged that a significant volume of its sales—as the exclusive distributor in the United States—were directed to New York, [and] that Stadler Form was *aware and 'targeted' New York specifically*" to that end. *State Farm*, 2017 WL 1134766, at *8. While Stadler Form considers this portion of the Court's Opinion "inapposite to the question at hand," (Reply at 5), certification of an interlocutory appeal requires more than a party's misunderstanding of the relevant law. When the Court determined, on the basis of Swizz's sworn allegations, that Stadler Form had "targeted" New York, it determined that the exercise of personal jurisdiction would meet "the plurality's seemingly strict no-jurisdiction rule," *Nicastro*, 564 U.S. at 890 (Breyer, J., concurring), which sought to limit "the exercise of jurisdiction *only* [to] where the defendant can be said to have *targeted* the forum[.]" *Id.* at 882 (Kennedy, J., plurality) (concluding that "as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State") (emphasis added). Because exercise of personal jurisdiction in this case comports

with the more stringent test considered by the *Nicastro* plurality, it certainly meets the intermediate test formulated by the concurrence.

Therefore, Stadler Form has failed to meet its burden of demonstrating a substantial ground for difference of opinion, and its attempts to misquote the March Opinion are unavailing. Certification of an interlocutory appeal is DENIED.

## CONCLUSION

For the foregoing reasons, Third-Party Defendant's motion to certify the March 23, 2017 Opinion & Order (ECF No. 54) for interlocutory appeal is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 68.

Dated: August 31, 2017
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge